Jasen, J. (dissenting).
The only issue that divides the court is whether the defendants were entitled to a charge, as requested, that the witness Clee was, as ,a matter of law, an accomplice. I conclude that they were and, accordingly, would reverse the judgments of conviction and grant a new trial.
Clee was snowmobiling with a group of boys, one of whom told him that they were going down to the Kiwanis Clubhouse to “ [g]et some stuff ”. One of the boys then asked him to act as a lookout. He did not protest or leave, but waited at the top of the hill overlooking the clubhouse for the others to return. Some 10 or 15 minutes later, when the boys returned from the foray, he accepted a stolen telephone receiver for which he paid one dollar. He drank stolen pop while the others, *160 in his presence, drank beer and ate hotdogs. The boys then told him that they were returning to the clubhouse a second time. Glee remained at the top of the hill, fleeing only when a short time later he thought he heard someone approaching.
An accomplice is “ a witness in a criminal action who, according to evidence adduced in such action, may reasonably be considered to have participated in: (a) The offense charged; or (b) An offense based upon the same or some of the same facts or conduct which constitute the offense charged.” (CPL 60.22, subd. 2.)
If the undisputed evidence establishes that a witness is an accomplice, the jury must be so instructed and the testimony corroborated. (CPL 60.22, subd. 1.) Only where different inferences may be drawn from the evidence regarding complicity should the question be left to the trier of fact. (People v. Beaudet, 32 N Y 2d 371, 376.) The line is not easy to draw.
Here, however, the totality of the evidence is not reasonably susceptible to conflicting inferences. The crime was evidently spontaneous, a foolish boyish prank, unrehearsed and unplanned. While Glee did not go along on the actual illegal entry, this does not exculpate him or, for present purposes, necessarily raise an issue of fact as to his complicity. The only reasonable inference from the undisputed facts is that he acted as a lookout with intent to assist perpetration of the crime and, hence, that he “ may reasonably be considered to have participated in * * * The offense charged”. (CPL 60.22, subd. 2, par. [a]; Penal Law, § 20.00.)
His actions indicate that he accepted the role, not that he was an unwilling onlooker. Participation by act is often even more decisive than one by word of mouth. Indeed, after the first foray, he shared in the fruits of the burglary and remained at his post when the others returned a second time. The terms of the distribution of the avails of the crime are beside the point. The witness’ subsequent flight is further indication that he believed himself to be in some way criminally implicated. It is also the type of self-saving conduct that highlights the reason for the rule requiring corroboration of accomplices. Significantly, the flight occurred as the danger of detection and apprehension heightened and not unitl then. Further, unlike *161 a receiver of stolen property who neither procures nor otherwise aids or abets a thief in the commission of a larceny, Glee’s participation aided the commission of the crime during practically its entire duration.
The orders should Ibe reversed and a new trial ordered.
Chief Judge Breitel and Judges Gabrielli, Jones and Wachtler concur with Judge Cooke; Judge Jasen dissents and votes to reverse in a separate opinion in which Judge Fuchsberg concurs.
Orders affirmed.